IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RAFAEL CARINO-CARBAJAL**                                              **PLAINTIFF**
**ADC #179547**

**V.**                                    **NO. 4:26-cv-00201-LPR-ERE**

**JAMES GIBSON,** *et al.*                                              **DEFENDANTS**

## ORDER

Defendants Melissa Moore, Melveta Henry, Marshal Miller, and Silakhone Douangkesone ("Medical Defendants")[1] have filed a motion for summary judgment, a brief in support, and a statement of undisputed facts, arguing that Mr. Carino-Carbajal failed to exhaust his administrative remedies regarding his claims against them before filing this lawsuit.[2] *Docs.18, 19, 20. Pro se* plaintiff Rafael Carino-Carbajal has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Mr. Carino-Carbajal's response should include his legal arguments, as well as

---

[1] **The Clerk is instructed to update the docket sheet to reflect he full names of Defendants Henry, Miller, and Douangkesone – Melveta Henry, Marsha Miller, and Silakhone Douangkesone.** *Doc. 16.*

[2] On May 20, 2026, I recommended that the ADC Defendants' motion to dismiss Mr. Carino-Carbajal's claims against them be granted. *Doc. 15.* In addition, on June 1, 2026, I recommended that Mr. Carino-Carbajal's claims against the Doe Defendant be dismissed based on his failure to identify or to provide a service address for the Doe Defendant. *Doc. 17.* Those Recommendations remain pending.

affidavits,[3] prison records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[4] Mr. Carino-Carbajal must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Carino-Carbajal's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in the Medical Defendants' statement of undisputed facts. *Doc. 20.* If Mr. Carino-Carbajal disagrees with any of the facts in the Medical Defendants' statement of undisputed facts, his responsive statement must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact.

If Mr. Carino-Carbajal relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Carino-Carbajal's

---

[3] Any affidavit submitted must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746, by including the following statement before the date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

[4] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

The Medical Defendants' motion for summary judgment concerns only whether Mr. Carino-Carbajal fully and properly exhausted the grievance process with regard to his pending claims against the Medical Defendants *before* filing this lawsuit. Therefore, Mr. Carino-Carbajal's response to the motion should focus on that issue.

IT IS THEREFORE ORDERED THAT:

1.     Mr. Carino-Carbajal has until **June 22, 2026**, to file: (1) a response to the Medical Defendants' motion for summary judgment on the issue of exhaustion; and (2) a separate statement of disputed facts. As to any filing, Mr. Carino-Carbajal should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2.     Mr. Carino-Carbajal is advised that the failure to timely and properly file a response and statement of disputed facts may result in: (1) all of the facts in the Medical Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of Mr. Carino-Carbajal's claims against the Medical Defendants, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated 2 June 2026.

_____
UNITED STATES MAGISTRATE JUDGE